UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> v. § <br> § <br> $552,600.00 SEIZED FROM AN § <br> AMERANT BANK ACCOUNT § <br> ENDING IN 4006, § <br> Defendant. § | CIVIL ACTION NO. _ |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against $552,600.00 seized from an Amerant Bank account with an account number ending in 4006 (the "Defendant Property"). The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. A substantial part of the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395.

THE DEFENDANT PROPERTY

3. The Defendant Property is $552,600.00 seized by warrant from an Amerant Bank account with an account number ending in 4006. The funds were

held in the name of Houston Electronic Group LLC ("Houston Electronic"), which has an address in Humble, Texas, within the Southern District of Texas.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."

5. A violation of 18 U.S.C. § 1014 (fraudulent loan application) constitutes "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D). A violation of 18 U.S.C. § 1343 (wire fraud) constitutes "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

6. The Defendant Property is subject to forfeiture under 18 U.S.C. §981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity.

## FACTS

7. On or about June 16, 2020, Houston Electronic Group LLC submitted a loan application and supporting documentation to Amerant Bank by wire. The application contained materially false and misleading representations and fraudulent supporting documents, which caused the bank to approve the loan. On or about

2

July 7, 2020, loan funds of $552,600 were deposited into Account 4006; the funds were subsequently seized by warrant.

**A.     Paycheck Protection Program Loans**

8.     In response to the coronavirus (COVID-19) pandemic and economic crisis, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act.  The law was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the pandemic. The Act was signed into law in March 2020 and included the Paycheck Protection Program ("PPP"), which was implemented by the Small Business Administration (SBA) with support from the Department of Treasury.

9.     Pursuant to the CARES Act, the amount of PPP funds a business was eligible to receive was determined by the number of employees of the business and their average payroll costs. The maximum loan amount was generally limited to 2.5 times the business's average monthly payroll expenses.

10.    Eligible businesses must have been in operation on or before February 15, 2020, and must have paid either employees or independent contractors. Pursuant to the program, the SBA would forgive PPP loans if all employees were kept on the payroll for eight weeks and the loan money was used for payroll, rent, mortgage interest, or utilities.

**B.     The $552,600 Fraudulent Loan to Houston Electronic Group**

11.     Houston Electronic Group LLC is a limited liability company that was incorporated in Texas on or about January 30, 2018. On or about June 16, 2020, Houston Electronic submitted a PPP loan application and supporting documentation to Amerant Bank by wire. On or about June 29, 2020, Houston Electronic opened Amerant business checking Account 4006.

12.     Houston Electronic represented in its Application that it had 31 employees and paid $663,200 in wages, tips, and other compensation to its employees each quarter in 2019. Those material representations were false. The loan was approved in reliance on the misrepresentations, and loan funds of $552,600 were deposited to Houston Electronic's Account 4006 on or about July 7, 2020.

(1)     <u>The IRS Forms 941 were Fraudulent</u>

13.     IRS Form 941 is an employer's federal quarterly tax return. It includes key information relevant to a PPP loan, including the total number of employees and total quarterly compensation to those employees.

14.     In support of its Application, Houston Electronic submitted purported IRS Form 941s for 2019 and the first quarter of 2020. The documents stated that Houston Electronic had 31 employees; that it paid $663,200 in wages, tips, and other compensation for each quarter of 2019; and that it paid $647,100 in wages, tips, and other compensation for the first quarter of 2020.

15.     According to the IRS, however, Houston Electronic did not file an IRS Form 941 for any quarter of 2019 or for the first quarter of 2020.

(2)     Texas Workforce Commission has No Records

16.     The Texas Workforce Commission ("TWC") is a governmental agency of the State of Texas that provides unemployment benefits and services related to employment.  TWC requires employers in Texas, such as Houston Electronic, to report unemployment insurance wages and to pay quarterly unemployment taxes. According to TWC, however, Houston Electronic did not report any employee wages for 2019.   In fact, TWC has no records at all for Houston Electronic.

C.      **The Bank Account and Seized Funds**

17.     Houston Electronic's PPP loan was approved on or about July 2, 2020, in reliance on the material misrepresentations and fraudulent supporting documents.

18.     On or about July 7, 2020, PPP loan funds of $552,600 were deposited into Houston Electronic's Account 4006. The bank balance at that time was $200, and there were no other deposits or withdrawals until the time of seizure.  The Defendant Property of $552,600 was seized from Account 4006 and is subject to forfeiture as the proceeds of specified unlawful activity.

<u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim

which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

The United States intends to serve notice, along with a copy of this Complaint, on Houston Electronic Group LLC.

## RELIEF REQUESTED

The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

Jennifer B. Lowery
Acting United States Attorney

By: /s/ Kristine E. Rollinson
Kristine E. Rollinson
SDTX Federal No. 16785
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## VERIFICATION

I, Derek Matthews, Special Agent with Homeland Security Investigations, U.S. Department of Homeland Security, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 7 - 18 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Derek Matthews, Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security